**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St. #80594
San Francisco, CA 94104
Telephone:  (415) 488-8041
Facsimile:   (415) 651-9700

*Attorneys for Plaintiff*,
Saloumeh Rahimi

**UNITED STATES DISTRICT COURT
FOR THE
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SALOUMEH RAHIMI,<br><br>Plaintiff,<br><br>v.<br><br>TRANSCON FINANCIAL, INC.,<br><br>Defendant. | Case No.: 5:21-cv-00762<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1.) FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.**<br>**2.) ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA CIVIL CODE § 1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

///

**COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. This is a case about a debt collector who falsely believed that they were above the law when they threatened and harassed a consumer while attempting to collect a debt from her.

2. **SALOUMEH RAHIMI** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, punitive damages, injunctive relief, restitution, attorneys fees, and costs, against **TRANSCON FINANCIAL, INC.** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the

laws of the United States, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

8. This action arises out of Defendant's violations Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA").

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## FDCPA AND RFDCPA

10. In enacting the FDCPA, Congress found that:

   a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

   b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

   c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

   d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

   e. It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses. 15 U.S.C. § 1692.

11. Similarly, when enacting the RFDCPA, the California Legislature found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. Cal. Civil Code § 1788.1(a)(1).

12. The FDCPA and the RFDCPA are both strict liability statutes. That is, a plaintiff need not prove intent or knowledge on the part of the debt collector to establish liability. *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060-61 (9th Cir. 2011); *Donohue v. Quick Collect*, 592 F.3d 1027, 1030 ("[t]he FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional").

13. To further protect consumers, claims under the FDCPA and RFDCPA are to be judged according to the "least sophisticated debtor" or "least sophisticated consumer" standard. *Gonzales* at 1061. This standard is lower than the "reasonable debtor" standard, and is specifically designed to protect consumers of below average and sophistication or intelligence. *Id.* In addition, a plaintiff need not even have actually been misled or deceived by the debt collector's communication. Rather, liability depends on whether the *hypothetical* least sophisticated debtor – someone who is uninformed and naïve – would have likely been misled. *Id.*; *see also Tourgeman v. Collins Financial Servs.*, 755 F.3d 1109, 1119 (9th Cir. 2014).

## PARTIES

14. Plaintiff is a natural person who resides in the County of Los Angeles, State of California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and "Debtor" as that term is defined by California Civil Code § 1788.2(h).

15. Defendant Transcon Financial, Inc. (hereinafter "Defendant TFI") is a California corporation operating from an address of 14718 Pipeline Ave, Suite B, Chino Hills, CA 91709, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. It operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of California. Its principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others, and, in fact was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff. Defendant TFI is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

16. This case involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

17. Plaintiff is an individual residing in the County of Los Angeles in the State of California.

18. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted and continues to conduct business in the State of California.

19. Defendant's business consists solely of the acquisition and collection of delinquent consumer debts.

20. Defendant sent Plaintiff a letter dated October 5, 2020, demanding payment in the amount of $33,207.06 for a medical debt that should have been submitted to her insurance.

    a. This letter stated, "payment in full is expected at once."

    b. This letter stated, "This account will remain on your credit file until paid or expired by statute."

    c. The letter included an attachment called a "patient ledger." The patient ledger stated an amount that was different than the text of the letter - $27,666.23.

21. On October 6, 2020, Plaintiff received a phone call from a blocked number, and answered to hear a man's voice threatening her saying something to the effect of, "you own a house and drive a Porsche, we're going to put a lien on your house."

    a. There was no debt collector warning on this call.

22. Defendant sent Plaintiff a letter dated November 3, 2020, demanding payment in the amount of $33,381.39 for the same medical debt as before, which should have been submitted to her insurance.

    a. This letter stated that the "debt has been reported to the National Credit Bureau and will restrict your ability to obtain credit when needed."

    b. This letter also stated, "To prevent further action against you, we must have your payment in full…………immediately."

23. Plaintiff received a call on November 18, 2020, from a blocked number, and answered to hear a man's voice yelling at her about putting a lien on her home.

    a. There was no debt collector warning on this call.

24. Plaintiff received two voicemails from the unblocked phone number 909-219-6008, from Don Blake at Defendant.

    a. The first voicemail Plaintiff received from Mr. Blake did not include a warning that the call was from a debt collector and that any information would be used to collect the debt.

    b. On the first voicemail, Mr. Blake stated, "Please call me if you'd like to settle the bill." He provided no context.

///

    c. The second voicemail Plaintiff received from Mr. Blake did not include a warning that the call was from a debt collector and that any information would be used to collect the debt.

    d. On the second voicemail, Mr. Blake stated, "I'm calling to see if you want to settle your bill, if we have to go forward with our lawsuit, we have to spend money on attorney fees and court costs, it will be added to your bill when we take judgment."

## ACTUAL DAMAGES

25. Plaintiff has suffered actual damages as a result of these illegal collection and intimidation tactics by this Defendant in the form of, pecuniary loss, invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF § 1692D OF THE FDCPA

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. A debt collector violates § 1692d of the FDCPA when it engages in conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    a. Defendant violated § 1692d when it, among other qualifying actions and omissions, called Plaintiff from a blocked number and threatened to put a lien on Plaintiff's home while shouting at her.

    b. Defendant violated § 1692d when it, among other qualifying actions and omissions, stated that the debt had been "reported to the National Credit Bureau and will restrict your ability to obtain credit when needed."

# COUNT II

## VIOLATION OF § 1692E OF THE FDCPA

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. A debt collector violates § 1692e of the FDCPA when it uses any false, deceptive, or misleading representation or means in connection with the collection of any debt.

   a. Defendant violated § 1692e when it, among other qualifying actions and omissions, made the misleading statement in its October 5, 2020, letter that the account would remain on her credit file until paid or expired by statute, as those are not the only ways an account could be removed from a credit file.

   b. Defendant violated § 1692e when it, among other qualifying actions and omissions, made the misleading statement in its November 3, 2020, letter to Plaintiff that the debt had been "reported to the National Credit Bureau and will restrict your ability to obtain credit when needed."

30. A debt collector violates § 1692e(2)(a) when it falsely represents the character, amount, or legal status of the debt.

   a. Defendant violated § 1692e(2)(a) when it, among other qualifying actions and omissions, demanded one amount in the text of the October 5, 2020, letter to Plaintiff, and sent a patient's ledger with a completely different amount listed.

31. A debt collector violates §1692e(11) when fails to disclose that any communication is from a debt collector.

   a. Defendant violated § 1692e(11) when it, among other qualifying actions and omissions, called Plaintiff from a blocked number and failed to disclose that the call was from a debt collector.

///

   b. Defendant violated § 1692e(11) when it, among other qualifying actions and omissions, called Plaintiff and left voicemails that failed to disclose that the voicemail/call was from a debt collector.

## COUNT III

### VIOLATION OF § 1692F OF THE FDCPA

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. A debt collector violates § 1692f of the FDCPA when it uses unfair or unconscionable means to collect or attempt to collect any debt.

   a. Defendant violated § 1692f when it, among other qualifying actions and omissions, willfully and without justification, threatened to take nonjudicial action to affect a lien on Plaintiff's property when it called from a blocked number and shouted at Plaintiff.

   b. Defendant violated § 1692f when it, among other qualifying actions and omissions, stated that the debt had been "reported to the National Credit Bureau and will restrict your ability to obtain credit when needed.

## COUNT IV

### VIOLATION OF § 1692G OF THE FDCPA

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. A debt collector violates § 1692g(4) and (5) of the FDCPA when it overshadows the required statements in these sections by other language in the collection notice.

   a. Defendant violated § 1692g(4) and (5) when it, among other qualifying actions and omissions, willfully and without justification, included language in the October 5, 2020, letter which said "The above past due account has been placed with us for immediate collection and payment in full is expected at once." This immediate demand for payment

overshadows the language indicating to the Plaintiff that she has 30 days to request validation of the debt.

### COUNT V
### VIOLATION OF § 1788.10(E) OF THE RFDCPA

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. A defendant violates § 1788.10(e) of the RFDCPA when it threatens that nonpayment of the debt may result in the attachment of any property or wages unless such action is permitted by law.

38. Defendant violated § 1788.10(e) of the RFDCPA when it willfully threatened to take action to affect a lien on Plaintiff's property when such action was either not, in fact, contemplated by Defendant or not permitted by law.

### COUNT VI
### VIOLATION OF § 1788.17 OF THE RFDCPA

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. A defendant violates § 1788.17 of the RFDCPA when it fails to comply with the provisions of 15 U.S.C. § 1692b to 1692j, inclusive.

Defendants violated § 1788.17 of the RFDCPA when they willfully engaged in conduct, the natural consequence of which the violation of 15 U.S.C. § 1692d, § 1692e, § 1692f, and § 1692g.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

a) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against Defendant and for Plaintiff, and,

b) Award of statutory damages in the amount of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against Defendant and for Plaintiff, and,

c) Award of statutory damages in the amount of $1000.00 pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against Defendant and for Plaintiff, and,

d) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against Defendant and for Plaintiff, and,

e) Award to Plaintiff of such other and further relief as may be just and proper.

## TRIAL BY JURY IS DEMANDED

41. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED: April 29, 2021

THE CARDOZA LAW CORPORATION

BY: /s/ Lauren B. Veggian
Michael F. Cardoza, Esq.
Lauren B. Veggian, Esq.
Attorneys for Plaintiff,
Saloumeh Rahimi